The People of Puerto Rico, Plaintiff and Appellee, *v.* Fausto Durán Saliaj, Defendant and Appellant.

No. 9893. Argued May 25, 1943.—Decided July 12, 1943.

*Juan B. Soto* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* for appellee.

324

Mr. Justice Travieso delivered the opinion of the court.

The appellant was charged in the Municipal Court of San Juan with violation of §3 of Act No. 11 of August 23, 1933. The complaint, in its pertinent part, reads as follows:

". . . That on May 6 (8:30 p.m.) 1942, in the Durán Pharmacy, 54 Cerra Street, Stop 15, Santurce, in the Municipal Judicial District of San Juan, Puerto Rico, which forms part of the Judicial District of San Juan, Puerto Rico, the defendant, Fausto Durán Saliaj, then and there, illegally, willfully, and maliciously, knowingly and with criminal intent to violate §3 of Act No. 11 of 1933, in order to obtain the benefit from the operation of a lottery, had in his possession and was operating as owner in a commercial pharmacy establishment, belonging to him, in order that the public might play, one electric machine, known popularly as "Bingo," which was operated electrically, consisting of a wooden table with 4 wooden legs, with a transparent crystal on the table which had within it a mechanism which was adequately connected with an electric current, and when 5¢ was deposited or a coin of equal size or thickness and when manipulated by a handle placed at the disposal of the player who runs the risk of paying 5 cents to obtain a prize in cash from the 5 cents which he delivers to the defendant when the player is able to make a certain number above the minimum score. . . The said machine being one that could be used and which was being used by the defendant for gambling or as a lottery, which was seized and placed at the disposal of the court as evidence. . ."

The case was heard by the District Court of San Juan and the defendant was convicted. He was sentenced to 1 month in jail, and has appealed to this court. He alleges that the lower court erred as follows:

"1. In deciding that the fact that the machine which according to the complaint was seized in the possession of the defendant, was not of the same description as the machine which was actually presented as that seized by the complaining policeman, has no bearing for the purpose of the testimony and the guilt of the defendant.

"2. In acting . . . with obvious passion and manifest prejudice to the appellant.

"3. In not giving to the appellant the benefit of the doubt which necessarily arose out of the testimony as a whole."

■ The first error assigned by the appellant is that a discrepancy existed between the complaint and the testimony. The alleged discrepancy was that the machine described in the complaint as seized from the appellant in his establishment is one of those that are used by playing with five-cent pieces, while that which was presented in evidence by the district attorney in the district court the day of the trial is one of those which is used by playing with one-cent pieces. The appellant contends that such an error is sufficient to justify a reversal of the judgment.

We are not in agreement with the contention of the appellant. The said Act No. 11 of 1933 provides in §3 as follows:

"From and after the date on which this Act takes effect, the introduction, manufacture, possession, use or operation of selling machines which may be used for gambling or lottery purposes, and machines of the kind known as slot machines (*traganíqueles*), and of any other kind that may be used for gambling or lottery purposes, in whatever manner they may be manipulated, or any substitute therefor, or parts and accessories, shall be considered illegal, and their introduction, manufacture, use, possession or operation is prohibited."

As may be seen, what the said Section prohibits is the manufacture, use, possession, or operation of the machines described in the said Section—a description which fits perfectly the machine seized from the appellant in his establishment. It was not necessary to allege in the complaint the type of money used to operate the said machine. In addition, the policeman identified to the satisfaction of the lower court the machine presented in evidence as that seized by him in the establishment of the appellant, and the proof of the appellant showed that there was in his establishment one of the machines known as "Bingo."

These facts were sufficient in themselves to connect the appellant with the crime with which he was charged of pos-

sessing and operating a "Bingo" machine in his pharmacy establishment, and we do not believe that the lower court committed any error in not holding that there was any discrepancy between the evidence and the complaint.

██ The second error assigned is that the lower court acted with manifest prejudice and complete disregard of the rights of the appellant. This error is based on the words used by the court in pronouncing its decision, especially the phrase "in spite of everything" which appears in the first paragraph of the opinion.

The opinion, which is set forth at p. 27 of the record, reads as follows:

"The court has no doubt in this case; it believes the complaining policeman in this case, in spite of everything, and in spite of his erroneous observation, as is charged, that it has not been demonstrated that this is not a machine of five cents or of one cent, a matter which the court believes to be immaterial. It is the same either way. The court, weighing all the proof as a whole, has not the slightest doubt that the apparatus was there, that it was connected as the complaint says, that it could be used for gambling, and that the defendant had it in his possession, which is all that the law requires, and that it is a bingo machine. The court finds the defendant guilty and sentences him to 1 month in jail."

We see nothing in the language of the court to justify the charge of passion and prejudice which the appellant makes. All the rights of the defendant were respected. If the court, in weighing the evidence, believed that of the prosecution and not that of the defense, it did it in the performance of the sacred mission vested in it and with which this court must not interfere, except in the case of a manifest error, an error which we do not find was committed in this case.

We do not have any doubt that the defendant had a fair and impartial trial and that at no time did the court act with manifest prejudice.

█ The third error was likewise not committed. We do not see on what basis the defendant can argue that the court did not give the appellant "the benefit of the doubt which necessarily arose out of the testimony as a whole." We have carefully read all the evidence presented in the case and we do not find that there necessarily arises from it any doubt as to the facts constituting the crime.

The judgment of the district court must be affirmed.

Mr. Chief Justice Del Toro did not participate herein.